| 68 787
| e71 663

THE CITY OF ASSARIA v. W. D. WELLS.

No. 13,809.  (75 Pac. 1026.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Void City Ordinance.*  Where the legislature has, in express terms, conferred upon municipalities power to pass and enforce ordinances for the regulation and sale of intoxicating liquors, therein prescribing what shall constitute the penalty for a violation thereof, an ordinance of a city passed for the regulation and sale of intoxicating liquors, failing to prescribe the penalties within the limits fixed by the legislature, is void and cannot be enforced.

Appeal from Saline district court; R. R. REES, judge.  Opinion filed March 12, 1904.  Reversed.

*Z. C. Millikin*, for appellee.

*David Ritchie*, for appellant.

The opinion of the court was delivered by

. ATKINSON, J. : On July 29, 1903, a complaint was filed in the police court of the city of Assaria, a city of the third class, charging W. D. Wells in two counts

with selling intoxicating liquors, and in the third count with maintaining and keeping a nuisance, in violation of an ordinance of the city. In the police court he was found guilty on all three counts, and fined fifty dollars on each. From this judgment of the police court he appealed to the district court of Saline county. In the district court he was found guilty on the first and third counts of the complaint and was sentenced to pay a fine of $100, and thirty days' imprisonment on each count. From this judgment of the district court the appellant prosecutes an appeal to this court.

The complaint charged a violation of ordinance No. 49 of the city of Assaria, entitled "An ordinance to prohibit the sale of intoxicating liquors and to prohibit and suppress places where intoxicating liquors are sold." This ordinance was passed by the mayor and council and became effective in January, 1899. Section 7 of said ordinance provided that any person violating any of its provisions should be deemed guilty of a misdemeanor, and, upon conviction, be fined in any sum not more than $100, or by imprisonment not exceeding thirty days, or by both such fine and imprisonment.

In 1901, the legislature enacted chapter 232 of the Laws of 1901, entitled "An act relating to the sale of intoxicating liquors and the suppression of places where such liquors are sold or used or kept for sale or use contrary to law." Section 7 of that chapter reads :

"Cities of the first, second and third classes may provide by ordinance for the prohibition of the sale of intoxicating liquors contrary to law and the suppression of common nuisances as hereinbefore defined, and for the search of premises where such common nuisances are maintained, and the seizure and de-

struction of all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property used in maintaining the same. Such ordinances may be enforced by imposing as a penalty for the violation of the same a fine of not less than $100 nor more than $500, and imprisonment for not less than thirty days nor more than six months for each offense, and payment of the costs, and shall provide for commitment until fine and costs are paid. . . ."

Upon the trial of the case both in the police court and the district court, defendant challenged the validity of said ordinance No. 49, because the penalty prescribed by said section 7 of the ordinance did not come within the requirements of said section 7, chapter 232, Laws of 1901. (Gen. Stat. 1901, § 2999.)

The only authority of the city of Assaria, a city of the third class, for prescribing penalties for the violation of an ordinance, at the time ordinance No. 49 was passed, was section 86, chapter 38, article 5, General Statutes of 1897, being section 1145, General Statutes of 1901. So much of section 86 as is necessary to be considered here reads:

"For any purpose or purposes mentioned in this article, the council shall have power to enact . . . and to enforce all ordinances, by inflicting fines, forfeitures and penalties upon inhabitants or other persons for the violation thereof, not exceeding $100 for any one offense. . . ."

Prior to the enactment of chapter 232, Laws of 1901, there had been no power in express terms given to municipalities to pass and enforce ordinances regulating the sale and handling of intoxicating liquors. The fact that the state had made provision prohibiting and restricting the liquor traffic, and had not, in express terms, made like provision for cities, has been by this court held not to prevent municipalities from

passing and enforcing ordinances for the control of the traffic within the limits of the city. (*In re Thomas, Petitioner*, 53 Kan. 659, 37 Pac. 171, and cases cited.) The authority then for the passage and enforcement of such ordinances by cities was the general-welfare clause of the municipal charter. (*Monroe v. City of Lawrence*, 44 Kan. 607, 24 Pac. 1113, 10 L. R. A. 520 ; *City of Topeka v. Myers*, 34 id. 500, 8 Pac. 728 ; *Franklin v. Westfall*, 27 id. 614.) The authority for imposing penalties for their violation in cities of the third class was said section 86, General Statutes of 1897.

The passage of the act of 1901 conferred express authority upon cities to regulate the liquor traffic. Ordinances thereafter passed and ordinances thereafter sought to be enforced by municipalities to regulate this traffic must conform to said act and not be in conflict therewith. It is apparent that the purpose of the legislature in conferring the express authority upon municipalities expressed in section 7, chapter 232, Laws of 1901, was to require a more vigorous punishment of the violators of the prohibitory law than was generally being administered in the municipal courts of the state. Where the legislature has, in express terms, conferred upon municipalities power to pass and enforce ordinances for the regulation and sale of intoxicating liquors, therein prescribing what shall constitute the penalties for a violation thereof, an ordinance of a city passed for the regulation and sale of intoxicating liquors, failing to prescribe penalties within the limits fixed by the legislature, is void and cannot be enforced.

The maximum punishment authorized by said section 1145, General Statutes of 1901, is $100 fine, with no minimum punishment expressed, and no imprisonment provided. The maximum punishment author-

ized by said section 7 of chapter 232, Laws of 1901 (Gen. Stat. 1901, § 2499), is $500 fine and imprisonment for six months, the minimum punishment being $100 fine and imprisonment for thirty days. The maximum punishment authorized by said ordinance No. 49 is $100 fine, or imprisonment not exceeding thirty days, or both such fine and imprisonment, with no minimum punishment expressed. It follows that the ordinance is void, and the judgment of the court below is reversed.

All the Justices concurring.