THE CITY OF WICHITA V. GEORGE A. MURPHY.

No. 15,920.    (99 Pac. 272.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Intoxicating Liquors—City Ordinance—Penalty.* A city ordinance for the suppression of the sale of intoxicating liquors, enacted in pursuance of the authority conferred by section 2499 of the General Statutes of 1901, which provides that offenders under such ordinance shall be committed to the city jail, is not void because of such provision.

2. ——— *Repeal of Ordinance after Sentence—Retrospective Effect.* Where a defendant is convicted of selling intoxicating liquors in violation of the provisions of a valid city ordinance, and has been duly sentenced therefor, the subsequent repeal of such ordinance does not relieve him from such sentence.

Appeal from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed November 7, 1908. Affirmed.

STATEMENT.

THE appellant was convicted in the police court of the city of Wichita of the unlawful sale of intoxicating liquors, and of maintaining a nuisance by keeping a place where intoxicating liquors were kept for sale, in violation of the ordinance of such city. As a part of the judgment against the appellant he was committed to the city jail for thirty days, and adjudged to pay a fine of $100 on each count and to be committed until the fine and costs of the action be paid. An appeal was taken to the district court, September 19, 1907, where, on January 2, 1908, he was again convicted and sentenced the same as in the police court. He was given ninety days in which to prepare and file a bill of exceptions in the supreme court. Pending the preparation of proceedings for an appeal, bond was given and execution was stayed until the final decision of the supreme court. The appeal was duly perfected and the case filed here for review.

On October 7 a plea in bar was filed in this court asking that the case be dismissed for the reason that the ordinance under which the conviction was had was repealed by the mayor and council of the city of Wichita, June 15, 1908, without any saving clause. This plea is supported by a certified copy of the repealing ordinance.

*Fred B. Stanley,* for appellee.

*J. A. Brubacher,* and *James Conly,* for appellant.

The opinion of the court was delivered by

GRAVES, J.: Numerous assignments of error have been presented, but in argument only one has been seriously discussed. It is insisted that the ordinance under which the appellant was prosecuted is void. The argument is based upon the rule announced by this court in the case of *In re Van Tuyl,* 71 Kan. 659, 81 Pac. 181. In that case it was held by this court that the purpose of the statute authorizing cities to enact ordinances for the suppression of the sale of intoxicating liquors as a beverage containing substantially the same provisions as the statute enacted for that purpose was to enlarge the facilities for maintaining the general policy of the state upon that subject, and cities in the exercise of the power conferred by this statute must fully comply with its provisions, and an ordinance enacted under this statute which provided for a less punishment for the offense of selling liquor than was prescribed by the statute was void. It was further said that a part of the object of this statute was to have the law of each municipality in the state uniform with the provisions of the statute, so that offenders would be dealt with alike throughout the state. It is urged that according to this view a want of uniformity in the punishment prescribed for violators of the law, because of dissimilarity in the condition of jails, would as effectively destroy the uniform operation of the law as an express difference in the punishment prescribed by or-

dinance. The ordinance in question, enacted in pursuance of this statute, provides for imprisonment in the *city jail* of Wichita. It is insisted that city jails are not uniform in quality throughout the state; that some may be reasonably comfortable, while others are so exposed to the weather or other uncomfortable and unhealthy conditions as to imperil the lives of those confined therein; that this wide difference in the character of city prisons would make the punishment very unequal if all offenders were to be committed to the city prison, and therefore any ordinance is void which so provides.

The logic of this argument seems to go to the extent that incarceration in a clean, comfortable city jail would be less repressive upon offenders than in one which might be offensive and unhealthy, and would amount to a milder degree of punishment in one place than another. We do not concur in this view. The statute, by not prescribing whether the imprisonment imposed shall be in the jail of the county or in the city prison, has left the question open for the determination of the city. It is impossible to make all prisons uniform in character, or equally comfortable; any of them is bad enough. If a city has a suitable jail, this is sufficient. If not, it can arrange for the use of the county jail. The legislature can do no better than to trust the officers of the city in this respect. If a joint-keeper in any city thinks the jail there worse than in other cities, the law will permit him to move his business to wherever he can find a jail that is satisfactory. We do not think the ordinance is void, and therefore the judgment of the district court is affirmed.

The plea in bar is based upon the idea that a repeal of the ordinance nullified all proceedings had thereunder, including the judgment and sentence. The decided cases are not entirely harmonious upon this subject. The great weight of authority, as we think, is to the effect that a repeal of an ordinance before judgment

places all further proceedings at an end. Before judgment the prosecution is engaged in ascertaining whether the provisions of the ordinance have been violated by the defendant or not. If the ordinance is repealed before this fact has been ascertained, then the inquiry becomes immaterial and useless, as the offense no longer exists, the law authorizing the proceeding having been extinguished. If the repeal occurs after sentence has been pronounced, the court acts upon the judgment and not upon the ordinance. By the judgment it has been judicially determined that the defendant violated the provisions of the law and incurred the liability therefor. The will of the legislative representative of the people was thereby fulfilled, and it is then beyond the reach of further legislative action. It has been said that, if the legislature could nullify the judgments of courts which have been regularly pronounced under a valid law by repealing the law, this would amount to an appeal from a judicial to a legislative tribunal, which is contrary to well-established and fundamental principles.

The question is quite fully discussed in the case of *In re Kline,* 70 Ohio St. 25, 70 N. E. 511, which was reported in 1 A. & E. Ann. Cas. 219, where the cases are collected in the notes. Practically the same conclusion is reached in the case of *The State v. Boyle,* 10 Kan. 113. We think that after final judgment and sentence the repeal of the ordinance under which the conviction was had does not relieve the defendant from the sentence. In this case the ordinance was repealed nearly six months after the defendant was sentenced, and therefore can not affect the execution of the judgment.

The plea in bar is denied.