THE CITY OF MINNEOLA, *Appellee*, V. L. C. NAYLOR, *Appellant.*

No. 17,141.

SYLLABUS BY THE COURT.

1. CITY ORDINANCES—*Statutory Authority—Penalties.* Section 1579 of the General Statutes of 1909 is a general provision for the government of cities of the third class, and authorizes the enactment of ordinances prohibiting not only acts which under the laws of the state are defined as misdemeanors, but other acts, not so classed, which are against the peace and welfare of the city. The maximum penalty authorized by this section for a violation of any such ordinance is one hundred dollars, and no minimum penalty is prescribed. If the offense be such as is denounced by the state law a misdemeanor, the penalty under an ordinance prohibiting the act may be greater or less than the penalty under the state law.

2. ———— *Intoxicating Liquors—Penalties.* Section 4395 of the General Statutes of 1909 is a special provision for the enforcement of the prohibitory liquor law, and prescribes a maximum and a minimum penalty, which may be provided by ordinances of cities of the first, second and third classes for a violation thereof.

Appeal from Clark district court. Opinion filed February 11, 1911. Affirmed.

*J. B. Hayes*, and *W. W. Harvey*, for the appellant.

*Francis C. Price*, and *H. C. Mayse*, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant was arrested and convicted in the city of Minneola, Clark county, for a violation of the ordinance of the city making it an offense for any person to be drunk on the streets or in any public place in the city. Section 30 of ordinance No. 3 of the city of Minneola is as follows:

"*Drunkenness.* If any person shall be drunk in any street, alley, or any public place or building in this city, or if any person shall be drunk upon his own premises or the premises of another, disturbing his

own family or others, he shall upon conviction thereof be fined in any sum not less than five dollars nor more than one hundred dollars."

Section 4382 of the General Statutes of 1909 (Laws 1883, ch. 104, § 1) prescribes a penalty for the like offense of a fine not exceeding $25. This section does not in any way relate to the authority of cities of the third class to punish for drunkenness, and, although subsequently enacted, does not supersede or limit the authority expressly delegated by section 1579, *infra*.

Ordinance No. 3, *supra*, was evidently enacted under the general provisions of section 1579 of the General Statutes of 1909 (Laws 1871, ch. 60, § 66), which reads:

"For any purpose or purposes mentioned in this article, the council shall have power to enact and make all necessary ordinances, rules and regulations; and they shall also have power to enact and make all such ordinances, by-laws, rules, regulations and resolutions, not inconsistent with the laws of the state, as may be expedient, in addition to the special powers in this section granted for maintaining the peace, good government and welfare of the city, and its trade, commerce and manufactories; and to enforce all ordinances by inflicting fines, forfeitures and penalties upon inhabitants or other persons for the violation thereof, not exceeding one hundred dollars, for any one offense, recoverable with costs, and to provide for the recovery and collection thereof; and in default of payment, to provide for confinement in the city prison or workhouse, or at labor on the streets, or both."

Motions to quash the complaint and in arrest of judgment were made, on the ground that the ordinance is repugnant to the state law because it authorizes a greater penalty than is authorized for the offense in the state courts; also, that the ordinance provides a minimum penalty, which is not authorized by section 1579, *supra*. The case of *Assaria v. Wells*, 68 Kan. 787, is cited as authority in support of the contention.

It will be observed that section 1579 of the statute is

a general provision authorizing cities of the third class—which includes the city of Minneola—to enact ordinances for maintaining the peace, good government and welfare of the city, and to enforce such ordinances by inflicting fines not exceeding one hundred dollars; and that section 4395 of the General Statutes of 1909 (Laws 1901, ch. 232, § 7), is a special provision in relation to ordinances to enforce the prohibitory liquor law, and, in effect, constitutes an exception to the provisions of section 1579. Section 4395 reads:

"Cities of the first, second and third classes may provide by ordinance for the prohibition of the sale of intoxicating liquors contrary to law and the suppression of common nuisances as hereinbefore defined, and for the search of premises where such common nuisances are maintained, and the seizure and destruction of all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property used in maintaining the same. Such ordinances may be enforced by imposing as a penalty for the violation of the same a fine of not less than one hundred dollars nor more than five hundred dollars, and imprisonment for not less than thirty days nor more than six months for each offense, and payment of the costs, and shall provide for commitment until fine and costs are paid. In prosecutions for violations of such ordinances, it shall not be necessary to describe in the complaint the kind of liquor sold or used, or the place where sold or kept, except where the charge is for maintaining a common nuisance; nor shall it be necessary to state the name of the person to whom sold, or to prove in the first instance that the party charged did not have a permit to sell intoxicating liquors."

It is made clear in the opinion in *Assaria v. Wells* that the ordinance which in that case was held invalid was so held because it was in direct violation of the provisions of section 4395, *supra*.

It is a general rule that a provision of the statutes expressly relating to a certain subject supersedes a general provision which may include the same subject. Because the statute relating to misdemeanors provides

a penalty for the offense of drunkenness less than the maximum penalty provided by the ordinance does not render the ordinance repugnant to the statute; nor does the limitation as to the minimum penalty in the ordinance render it repugnant. The maxim "the greater includes the less" is applicable.

Some other objections are urged which we do not consider it necessary to discuss.

It is further contended that the evidence does not sustain the finding implied in the verdict—that the defendant was drunk. The evidence upon this subject was conflicting. There were more witnesses who testified that the defendant was not drunk than who testified that he was drunk at the time in question, but it is not our province to weigh the evidence. There is abundant evidence to sustain the finding of the jury.

The judgment is affirmed.