ELI STARK, *Appellant,* v. WILLIAM GEISER et al.,
*Appellees.*

No. 18,374.

### SYLLABUS BY THE COURT.

CITY ORDINANCE—*Imposing Maximum and Minimum Fine—Statute Not Violated.* A statute authorized the enactment of certain ordinances by cities, and provided that for the violation of the same a fine not exceeding $100 might be imposed. Under the statute an ordinance was enacted in which it was provided that a maximum fine of $100 might be imposed and a minimum fine of $10. *Held,* that the penalty fixed in the ordinance was within the limits prescribed in the statute, and that the fixing of the minimum penalty in no way conflicted with the statute.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed October 11, 1913. Affirmed.

*J. K. DeMoss,* of Neodesha, for the appellant.

*A. H. Ward,* of Neodesha, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The only question presented in this case is as to the validity of an ordinance of the city of Neodesha requiring the payment of an occupation tax of those who engaged in certain enumerated lines of business. The appellant moved his meat market and grocery store from a suburb of Neodesha, where he had operated it for a time, into the city proper. He was thereupon requested by the city marshal to pay the occupation tax for that class of business, amounting to $50, and upon twice refusing so to do was arrested and fined $10 and costs. He was committed, and after spending four or five days in jail was released. He then began this action for false imprisonment, but a demurrer to his petition was sustained by the court and the case dismissed.

The ordinance of which appellant complains pro-

vided that the payment of taxes to the county for the stock of goods so licensed should relieve the dealer from the payment of the occupation tax and authorized the refund of any tax paid, and it further provided for a maximum penalty of $100 and a minimum of $10 for an infraction thereof. It is contended that the ordinance is void, in that it is in conflict with the statute which authorizes the passage of such ordinances. The statute under which the ordinance was enacted provided that the fines, forfeitures and penalties inflicted for violations should not exceed $100 for any one offense. (Gen. Stat. 1909, § 1579.) No minimum penalty was prescribed in the statute, and it is contended that the ordinance which fixed a minimum penalty of $10 is inconsistent with the statute and therefore invalid. Under the terms of the statute ("not exceeding one hundred dollars") there was authority to impose a fine in any sum less than that amount, and hence the fixing of a minimum penalty of $10 did not conflict with the statute.

Reference is made to *Assaria v. Wells,* 68 Kan. 787, 75 Pac. 1026, as an authority against the validity of the ordinance, but there the ordinance fixed a penalty that was not within the limits prescribed in the statute authorizing its enactment, and hence it was held to be void. A similar holding is found in *In re Van Tuyl,* 71 Kan. 659, 81 Pac. 181. Here, however, the penalty provided for in the ordinance is clearly within the limits prescribed in the statute and in no way inconsistent with the statute. (*Minneola v. Naylor,* 84 Kan. 147, 113 Pac. 309.)

A claim is made that the occupation tax which appellant was required to pay was unreasonable and unjust, and therefore unenforceable. This contention is without merit, as it is based on the fact that a merchant is made liable for a license tax of $50 and that if he continues in business during the year and pays a general tax on his stock of goods the amount paid by

him as an occupation tax is refunded. Under this provision those who continue in business but a few weeks or months are required to share in the burden of the protection which the public gives, while those who remain indefinitely escape what might approach double, taxation. In no event can it be held that the ordinance is void because it operates unjustly.

"Before, however, the courts will interfere and declare a license tax to be unjust or unreasonable, a flagrant case of excessive and oppressive abuse of power by the city authorities in the levying of the license tax. must be established." (*City of Lyons v. Cooper,* 39 Kan. 324, syl. ¶ 1, 18 Pac. 296.)

The ordinance being valid, the appellant had no grounds of recovery, and hence the judgment of the district court must be affirmed.