No. 24,520.

*In re* MAMIE HURSTON, Petitioner (MAMIE HURSTON, *Appellant,* v. W. C. LINVILLE, as Chief of Police of the City of Atchison et al., *Appellees*).

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Conviction Under City Ordinance—Sentence as Provided by the Ordinance—State Statute Does Not Apply.* The provision of the statute that "every female person, above the age of eighteen years, who shall be convicted of any offense against the criminal laws of this state, punishable by imprisonment, shall be sentenced to the state industrial farm for women, but the court imposing such sentence shall not limit the duration of the sentence," does not apply to convictions under city ordinances, and for their violation women may be sentenced to confinement in the city prison or county jail for such period as the statute elsewhere authorizes.

2. SAME—*Different Punishment Under Ordinance from that Fixed by Statute.* An ordinance may provide a different punishment for its violation than is fixed by a statute forbidding the same act.

3. SAME—*Inadvertently Omitted Words in Statute—May Be Supplied.* There is obviously an inadvertent omission in the provision of the statute that if the defendant is found guilty in the police court of a city of the first class "the court shall declare the punishment, including all witnesses' fees, and render judgment accordingly," and the words quoted are to be interpreted as meaning that the judgment shall include a requirement for the payment by the defendant of all costs, including the fees of the witnesses.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed November 4, 1922. Affirmed.

*Charles T. Gundy,* and *Ralph U. Pfouts,* both of Atchison, for the appellant. *Orlin A. Weede,* of Atchison, for the appellees.

The opinion of the court was delivered by

MASON, J.: Mamie Hurston was convicted in the police court of Atchison, a city of the first class, of violating an ordinance by having intoxicating liquor in her possession. She appealed to the district court where she was again convicted. She was fined $200 and sentenced to the city jail for sixty days. She then applied to the district court for a discharge upon habeas corpus on the ground that the sentence, although in accordance with the terms of the ordinance, was void because in conflict with the statute. She appeals to this court from the refusal to grant the writ.

1. The penalty clause of the ordinance under which the conviction was had reads: "Any person violating the provisions of this

*In re* Hurston.

section, shall be deemed guilty of a misdemeanor and on conviction thereof, shall be fined not less than $100.00, nor more than $500.00, and imprisoned in the City Jail, not less than thirty days, nor more than six months."

The petitioner contends that the ordinance is void because by reason of the following statutory provision she can be restrained of her liberty in consequence of violating a liquor law or doing any other forbidden act only by being held at the state industrial farm for women for an indefinite period:

"Every female person, above the age of eighteen years, who shall be convicted of any offense against the criminal laws of this state, punishable by imprisonment, shall be sentenced to the State Industrial Farm for Women, but the court imposing such sentence shall not fix the limit or duration of the sentence." (Laws 1917, ch. 298, § 5.)

This provision does not prevent the lawful sentence of the petitioner to the city jail, because its operation is confined by its express terms to persons convicted of an offense against the criminal laws of the state, while the petitioner has been convicted of a violation of a city ordinance. A city ordinance is in a sense a law, and in some connections may be regarded as within the meaning of that term as used in a statute. But it is a law of local application—a by-law of the municipality—and not a law of the whole state. The phrase "criminal laws of this state" cannot be regarded as including city ordinances. It is familiar law that a person may be prosecuted, convicted and punished for the violation of a statute and may be again prosecuted, convicted and punished for the same act because of its being forbidden by a city ordinance. The laws of the state do not prescribe punishment for violations of city ordinances and therefore such acts are not "public offenses" or "misdemeanors" as those terms are defined in the statute (*City of Burlington v. Stockwell,* 1 Kan. App. 414, 41 Pac. 221), although the latter word is sometimes used in such a broad and popular sense as to include them for purposes of procedure. (*City of Burlington v. Stockwell,* 56 Kan. 208, 42 Pac. 826.) A case brought in the police court "is prosecuted for the violation of a city ordinance, and not for the violation of any of the general laws of the state." (*City of Burlington v. James,* 17 Kan. 221, 223.)

2. The authority of the city with respect to the ordinance in question is derived from the statute reading as follows:

"That all cities of this state may enact and enforce ordinances relating to

possession, receipt, transportation and delivery of intoxicating liquors, and prohibiting all acts made unlawful by House bill No. 432 of the Laws of 1917 of this state [Laws 1917, ch. 215] relating to intoxicating liquors and providing punishment for each violation of such ordinances by fines of not less than one hundred dollars nor more than five hundred dollars and by imprisonment for not less than thirty days nor more than six months and payment of costs and providing for commitment until such fines and costs are paid." (Laws 1917, ch. 217, § 1.)

"The statute, by not prescribing whether the imprisonment imposed shall be in the jail of the county or in the city prison, has left the question open for the determination of the city." (*Wichita v. Murphy,* 78 Kan. 859, 861, 99 Pac. 272.) The penalty fixed by an ordinance must conform to the provisions of the statute specifically authorizing its passage (*Assaria v. Wells,* 68 Kan. 787, 75 Pac. 1026; *In re Van Tuyl,* 71 Kan. 659, 81 Pac. 181), but there is no general requirement that the penalty imposed for the violation of an ordinance shall not be different from that provided by a statute forbidding the same act. (*Minneola v. Naylor,* 84 Kan. 147, 113 Pac. 309.)

3. The statute already quoted requires that the penalty fixed by an ordinance forbidding having intoxicating liquor in one's possession shall in addition to the fine and imprisonment prescribed include commitment until the fine and costs are paid. The ordinance here involved contains no reference to such commitment. Such omission has been held fatal. (*In re Van Tuyl,* 71 Kan. 659, 81 Pac. 181.) The case cited, however, although decided in 1905 involved an ordinance passed under the statute of 1901, and in the opinion it was said that it could not be aided by the act of 1903. The later statute, unlike that of 1901, provides that upon a conviction in the police court "it shall be a part of the judgment that the defendant stand committed until the judgment be complied with." (Gen. Stat. 1915, § 1158.) The clause quoted is self-operative and requires no repetition in an ordinance to make it effective. The first sentence of the section cited reads: "If the defendant is found guilty, the court shall declare the punishment, including all witnesses' fees, and render judgment accordingly." The words quoted were obviously pied at some stage of the legislation, for as they have come out of the process they are without meaning if read literally. To say that the court shall declare the punishment, including all witnesses' fees, means nothing. But the purpose to require the judgment to include the payment of costs, including witnesses' fees, is sufficiently

clear to warrant giving the statute that effect, under the rule permitting the supplying of words inadvertently omitted. (*Landrum v. Flannigan,* 60 Kan. 436, 56 Pac. 753.)

The judgment is affirmed.