## BRANNON v WILMINGTON (city)

Ohio Appeals, 1st Dist, Clinton Co

No. 77. Decided July 16, 1928

Jos M Brant for Brannon.
R H Hildebrant, City Sol., Wilmington. for city.

PER CURIAM

We are aware of the line of cases holding that "when the penalty prescribed in the ordiance is in excess of that authorized by the charter, the ordinance is not void, and the penalty may be enforced to the extent that it does not exceed the lawful limit." 19 R. C. L. page 812, title "Municipal Corporations," section 17. But we are of the

opinion that the ordinance in question, which provides for a penalty as high as $1000. is so in conflict with the express provisions of section 3628 of the General Code as to be void. Petersburg v. Metzger, 21 Ill. 205. New Orleans v. Costello, 14 La. Ann. 37. Schreveport vs. Draiss, Ill La. 511. State vs. Babcock, 112 Iowa, 250. Merkee v .Rochester, 13 Hun (20 N. Y. Sup. Court) 157, Assaria v. Wells, 68 Kans. 787. In Re Van Teyl, 71 Kans. 659. People v. Quayle, 204 N. Y. Supp. 641. Commonwealth v. Meletsky, 203 Mass. 241. Green v. Fitchburg, 219 Mass. 121. Leland v. Commissioners, 42 N. J. L. 375.

In Leland v. Commissioners, supra, the statute authorizes a municipality to assess a penalty "not exceeding $100.00 or imprisonment in jail not exceeding 10 days." The ordinance stipulated a fine "not exceeding $50. or imprisonment not exceeding 10 days, or both." The ordinance was held void.

In Commonwealth v. Maletsky, supra, the statute authorizes a fine of $20, and the ordinance provided for a fine of not less than $20 nor more than $100. The ordinance was held void.

In Assaria v. Wells, supra, the statute authorized a municipality to prescribe a penalty of not exceeding $100.00 The ordinance prescribed a penalty of $100, or 30 days imprisonment, or both. The court, in holding the ordinance void, said:

"An ordinance x x x failing to prescribe penalties within the limits fixed by the legislature is void and cannot be enforced."

Where, as in the instant case, the ordinance prohibits the doing of an act, and attaches thereto a single provision as to penalty, the invalidity of the penal section invalidates the entire ordinance, inasmuch as the severing of the sanction renders the ordinance futile and ineffective.

To hold this ordinance valid would be to hold that when an ordinance is, on its face, contrary to a statute, prosecution can be had under the ordinance and judgment pronounced under the statute. The ordinance would thus not be the basis of the proceedings, since the sentence would be imposed under the statute.

It is within the power of the City to enact a valid ordinance in conformity with the statute.

Inasmuch as we find the ordinance invalid, it is not necessary to pass on the other alleged errors.

The judgment of the court of common pleas and the judgment of the municipal court will be reversed and set aside, and the cause will be remanded to the court of common pleas with instructions to issue a mandate to the trial court ordering the discharge of Brannon.

Hamilton, PJ, Mills and Cushing, JJ, concur.