LORAIN (City) v PETRALIA

Municipal Court of Lorain, Ohio
No. 17277. Decided March 21, 1929

Messrs. Wesley L. Grills and Milton Friedman, Lorain, for City.
Messrs. Chas. F. Adams and Ralph W. Weimer, Lorain, for Petralia.

STRENICK, J.

The specific question claimed and argued by the learned counsel for the defendant, to be at issue in this case, is that Ordinance No. 2780 is in violation and contrary to the powers given to municipalities in 3628 GC. In support of this contention defendant relies principally upon the decision in the case of **Brannon vs. Wilmington (City)** Ohio Appeals 1st., Dist., Clinton County, and **7 Abs. 136,** and **State vs. Ramey, Ohio Law Bulletin and Rep., Vol. 28, page 395.**

That contention brings us to a decision of three elements: (1) Did the City Council have authority to enact the ordinance in question; (2) If it did have such power, from what authority was it delegated; (3) Is the ordinance in conflict with general laws of the State and therefore void.

Under the Constitution of 1851 and prior to the amending of the Constitution in 1912 the organization of and government of Cities and Villages was delegated, by the Constitution, to the General Assembly of the State and the power to create Municipal Corporations necessarily implied authority to confer upon them such police powers as was necessary for their internal government and **3628 GC,** was passed by the General Assembly of Ohio under authority given it by the constitution of 1851 and prior to its amendment in 1912.

**Section 3628 GC** reads as follows: "To make the violation of ordinances a misdemeanor, and to provide for the punishment thereof by fine or imprisonment, or both, but such fine shall not exceed Five Hundred Dollars and such imprisonment shall not exceed six months".

**Sec. 3, Article XVIII, Ohio Constitution,** provides: "Municipalities shall have authority to exercise all powers of local self government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws".

Thus by virtue of the authority conferred by Sec. 3, Article XVIII, Ohio Constitution, as amended in 1912, Municipalities of the State have police power directly conferred by the people in all matters of local self government, and **3628 GC** by the constitutional amendment of 1912 became inoperative and repealed. In support of this contention the Supreme Court has said in the case of **Heppel vs. The City of Columbus, 106 OS. 107,** the following:

"Broad and comprehensive power has been delegated to municipalities by the provisions of Sec. 3, Article XVIII, of the State Constitution, to adopt and enforce within their limits such local, police, sanitary and other similar regulations as are not in conflict with general laws, **and a statute which would deny or abridge that right so conferred by the constitution of**

the state would be invalid."

It is the opinion of this Court that under Sec. 3, Article XVIII, of the Ohio Constitution, Municipalities derive no **authority** from and are subject to no **limitations** of the General Assembly, in adopting local police, sanitary and other similar regulations, except that such ordinances shall not be in conflict with general laws. This principal has been pronounced by the Ohio Supreme Court in the case of

**The Village of Struthers v. Sokol,**
**The City of Youngstown v. Sandela,**
     **108 OS. 263, also**
**The City of Fremont v. Keating,**
     **96 OS. 468.**

In answer to the third question presented is there such conflict between the City Ordinance and the General Laws of the State as to make the ordinance void?

The penal provisions of the ordinance read as follows:

"Any person who violated the provisions of this ordinance for a first offense shall be fined not less than $100.00 nor more than $1000.00, for a second offense he shall be fined not less than $300.00 nor more than $2000.00, for a third offense he shall be fined not less than $500.00 nor more than $2000.00 and be imprisoned in the jail of the City of Lorain for a period of six (6) months."

It will be observed that this ordinance is almost identical with the Crabbe and Miller Acts with the exception that the State law imposes a much more severe penalty for a third offense. Whether there is a such a conflict as to bring the ordinance within the inhibition of the latter part of Section 3, Article XVIII, we think the court has fully answered that question in the case of the Village of **Struthers vs. Sokol, 108 OS. 263,** in which the Court said:

"In determining whether an ordinance is in conflict with general laws, the test is whether the ordinance permits or licenses that which the state forbids, and vice versa."

"A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance, but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the Municipal Ordinance."

We reach the conclusion that the General Assembly of Ohio cannot deprive a municipality of its constitutional rights, Sec. 3628 GC is clearly in violation of Sec. 3, Article XVIII of the Constitution of Ohio and void, and we therefore hold the ordinance valid within the authority conferred, upon municipalities by Sec. 3, Article XVIII of the Constitution of Ohio; that municipalities under the constitution derive no authority from and are subject to no limitations of the General Assembly in adopting local police, sanitary and other similar regulations, except that such ordinances shall not be in conflict with general laws. We further find that there is no such conflict as would make the ordinance void.

Defendant's demurrer is consequently overruled.

Note: The Municipal Court was sustained in this case in the Court of Common Pleas of Lorain County, in December 1929, by Judge W. B. Thompson, without written opinion.