EVANS v YOUNGSTOWN (city)

Ohio Appeals, Seventh Dist, Mahoning Co

Decided March 22, 1929

Nathan Kaufman, Youngtsown, for Evans.
W B Spagnola, Youngstown. for City.

ROBERTS, J.

It is provided in **Section 3, Article XVIII, of the Constitution of Ohio, that:**

(Here follows quotation)

**Section 3628 General Code,** in enumeration of municipal powers provides:

(Here follows quotation)

So that we have this concrete proposition presented in issue as to whether or not a municipal ordinance is void which provides for a penalty in excess of five hundred dollars, although the penalty was not imposed excessively in the case under consideration. This proposition has been under the consideration of several courts of appeals, one holding that this law is not operative or effective to control in cities operating under a charter government, and another that while the fine exceeded five hundred dollars, the case generally was affirmed and the cause remanded to the lower court for the imposition of sentence within the limits of the statute.

Another court, however, that of the First Appellate District of Ohio, sitting in Clinton County, in the case of **George Brannon v. City of Wilmington, Ohio Law Bull. March 25, 1929 (7 Abs. 136)** has recently held differently upon this issue. In this case the fine was only one hundred dollars. The court held that owing to the fact that the ordinance authorized a fine of not to exceed one thousand dollars, and this being in excess of the power of municipalities as provided under **Section 3628 G. C.,** which has just been read, that the ordinance was wholly void and invalid. Counsel for the defendant cite the **Village of Struthers v. Sokol, 108 O. S., 263,** in support of the ordinance, but this case involved a conflict between the ordinance and the Crabbe and Miller Acts and not the conflict between the ordinance and Section 3628 limiting power to fine, and it is not thought applicable to the present issue. Counsel for the city ignore the refusal of the Supreme Court to order the record certified in Brannon v. Wilmington, which is a more recent case than **Marko v. City of Youngstown, (6 Abs. 477)** which held otherwise.

This case of Brannon v. Wilmington, to which reference has just been made, and which holds the ordinance invalid, was followed by an application to the Supreme Court to order the record certified, which was overruled. It is, therefore, a reasonable deduction that the Supreme Court did not find that error had probably intervened in the decision made by the Court of Appeals.

We feel constrained, under the circumstances, the Supreme Court having declined to order the record certified in this case, to follow that decision, which is done, and the judgment of the lower court is reversed and final judgment entered.

Pollock and Farr, JJ, concur.