BROWN in re

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10018. Decided April 29, 1929

Gentsch & Lang, Cleveland, for Petitioner.

Carl F Shuler, Cleveland, for City of Cleveland.

LEVINE, J.

We are cited by the petitioner to the case of Brannon v. City of Wilmington (7 **Abs.** 136) which was decided by the First Appellate District of Ohio July 16, 1928. The identical question was before that court. The court held that since the ordinance was in conflict with the express provisions of **Section 3628 GC.** that therefore it is null and void, and of no effect. In the opinion the court reviews a great many adjudicated cases throughout the country and cites the same in support of its holding.

Counsel for the City of Cleveland seeks to draw a distinction between charter cities and non-charter cities, and it is claimed in behalf of the city that **Sec. 3628 GC.** is an old section which preceded the adoption of the Home Rule Amendment to the Constitution under which charter cities are organized, and that it must be construed merely to limit the power of non-charter cities and villages in the prescribing of penalties for violations of ordinances; that since charter cities derive their power directly from the Constitution, they are not subject to the limitation contained in **Sec. 3628 GC.** The power of a municipality to enact police regulations is vested in them by **Sec. 3, Article 18 of the Ohio Constitution.**

It has been held that since the adoption of this section of the Constitution, all municipalities, chartered as well as non-chartered, derive their power of self-government from the Constitution. **Perrysburg v. Ridgeway, 108 Oh. St. 245.**

Municipalities of Ohio are authorized to adopt local police, sanitary, and other similar regulations by virtue of Art. 18, Sec. 3, of the Constitution and are subject to no limitations of the General Assembly except that such ordinances shall not be in conflict with general laws. **Village of Struthers v. Sokol, 108 Oh. St. 263.** The power of the municipality to adopt a charter is contained in Sec. 7, **Art. 18 of the Constitution.**

Since the power to adopt ordinances in the nature of police regulations, is derived by all municipalities, chartered as well as non-chartered, from Sec. 3, Article 18 of the Ohio Constitution, the distinction sought to be drawn between chartered and non-chartered municipalities, in the enactment of ordinances and the providing of penalties seems to us not well taken.

We are of the opinion that the ordinance under which the petitioner was tried, convicted and sentenced, is in direct conflict with **Sec. 3628 GC.,** in that it violates its express prohibition that fines shall not exceed $500.00 and that the ordinance is, for that reason, invalid, null and void, and of no effect.

The writ is therefore ordered allowed, and the petitioner ordered discharged from custody. A journal entry may be drawn accordingly.

Vickery, PJ and Sullivan, J, concur.