## THE CITY OF KANSAS CITY v. F. C. GRUBEL.

### No. 10663.

CITY ORDINANCE — *statute so authorizing, may prohibit acts made penal by State law.* It is no objection to the validity of a city ordinance that it prohibits acts and omissions made penal by the laws of the State, provided the Legislature has expressly authorized such municipal legislation; and, while the ordinance keeps within the limits of the State law, it may be valid notwithstanding it does not cover the whole ground occupied by the statute.

*Appeal from Wyandotte District Court.*
*Hon. Henry L. Alden, Judge.*

REVERSED AND REMANDED.     OPINION FILED NOVEMBER 7, 1896.

*K. P. Snyder*, City Counselor, and *T. A. Pollock*, City Attorney, for appellant.

No appearance for appellee.

MARTIN, C. J.    A complaint was filed against the defendant in the Police Court of Kansas City, Kansas, June 1, 1895, the body of which reads as follows :

"J. A. Walsh complains of F. C. Grubel, and, being duly sworn, on oath says, that the said F. C. Grubel, on the 26th day of May, 1895, the same being the first day of the week, commonly called Sunday, did unlawfully keep open after 10 o'clock A. M., on said day a certain place of business for the purpose of doing business therein, at number 532 Minnesota Avenue, in city of Kansas City, Wyandotte County, Kansas, and then and there, and after 10 o'clock A. M. of said day, did expose for sale therein, goods, wares, and merchandise, the same then and there not being drugs, medicines, or articles of immediate necessity, in violation of section No. 31 of Ordinance No. 793, of the ordinances of said city of Kansas City."

The section referred to is as follows :

"SEC. 31. Any person who shall keep open any place of business, or sell or expose for sale on the first day of the week, commonly called Sunday, after 10 o'clock A. M., any goods, wares or merchandise, other than drugs, medicines or articles of immediate necessity, shall upon conviction thereof, be fined in any sum not exceeding fifty dollars ($50) ."

The Police Court sustained a motion to quash the complaint, and the City appealed to the District Court as authorized by chapter 75, Laws of 1891. The District Court also quashed the complaint, and

the City appeals to this Court, as it may do under said chapter 75.

The defendant does not appear in this Court, and we are compelled to rely upon the record and the brief of counsel for the City in order to a proper disposition of the case. It is stated in said brief that the complaint was quashed because said section 31 of the ordinance is in conflict with the section of the Crimes Act relating to the desecration of the Sabbath day, which section reads as follows :

"Sec. 258. Every person who shall expose to sale, any goods, wares, or merchandise, or who shall keep open any ale or porter house, grocery or tippling shop, or shall sell or retail any fermented or distilled liquor, on the first day of the week, commonly called Sunday, shall, on conviction, be adjudged guilty of a misde-. meanor, and fined not exceeding fifty dollars." ¶ 2398, Gen. Stat. 1889.

It is no objection to the validity of a city ordinance that it prohibits acts or omissions made penal by the laws of the State, provided the Legislature has expressly authorized such municipal legislation. This is too well settled in Kansas and elsewhere to require the citation of authorities. By subdivision 28 of paragraph 555, General Statutes of 1889, the Mayor and Council of a city of the first class may restrain, prohibit and suppress the "desecration of the Sabbath day." They may also regulate any and all callings, trades, professions and occupations carried on within the city limits. Section 31 of said ordinance is in line with said section of the Crimes Act and the provisions relating to the government of cities of the first class. It is not as broad as the section of the Crimes Act, for it does not operate before 10 o'clock in the forenoon. Until that hour, if a man keeps his store open and exposes his goods for sale he violates only the State

law; but, after that time, his act is an infraction of not only the State law but the municipal regulation upon the subject, and he may be held amenable for it in either jurisdiction, or perhaps in both. An offender has no right to complain because the city ordinance covers only part of the day, while the State law extends over the whole period from midnight to midnight. In *Mayor of Nashville v. Linck*, 12 Lea, 499, an ordinance was held valid which allowed retail vendors of fruit and dealers in newspapers and periodicals to keep open their stands from 4 until 8 o'clock on Sunday morning, but prohibited the sale of fermented, spirituous and vinous liquors during any portion of the Sabbath day. And in *Theisen v. McDavid*, 34 Fla. 440, it was decided that a municipal ordinance prohibiting the carrying on of certain business pursuits within the city limits on Sunday was not invalid because it excepted from its inhibition various pursuits that were not excepted from the operation of the State law on the same subject. It would seem from these authorities and others that might be cited that, in such case, while a city ordinance keeps within the limits of the State law, it may be valid notwithstanding it does not cover the whole ground occupied by the statute.

No valid objection to the ordinance nor to the complaint based thereon appearing to the Court, the judgment of the District Court will be reversed, and the case remanded for further proceedings.

All the Justices concurring.