FERDINAND J. HOSP, PROSECUTOR, v. THE CIVIL SER-
VICE COMMISSION OF THE STATE OF NEW JERSEY
ET AL.

Submitted July 5, 1912—Decided September 18, 1912.

A county officer, who holds an office created by statute, the term
of which is fixed by the statute, is not subject to the provisions
of the Civil Service act, and is not entitled to the benefits
thereof.

On *certiorari*.

Before GUMMERE, CHIEF JUSTICE, sitting alone by consent
of parties.

For the prosecutor, *Benjamin F. Jones.*

For the defendants, *Edmund Wilson,* attorney-general, and
*Alonzo Church.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This writ is sued out to test
the validity of a resolution of the civil service commission of
the State of New Jersey placing in the classified service, and
classifying in the competitive class of the civil service, the
position of warden of the Essex county penitentiary. Under
the Civil Service act all officers, clerks and employes in the
service of the state or of any municipality in which the statute
is in force who are properly placed in the classified service by
the civil service commission are entitled to hold their offices
and employments indefinitely, and are not subject to removal
therefrom except for cause; and the question presented for
determination is whether under the statute referred to the
commission is legally justified in placing the office of warden
of the county jail in the classified service.

In the case of *Attorney-General* v. *McGuinness,* 49 *Vroom* 3-16, 385, which was a proceeding in the nature of a *quo warranto* to test the question whether the office of county collector was one which could be placed in the classified service by the civil service commission and thereby made subject to the provisions of the Civil Service law, it was determined by the trial justice that the act did not apply to the case of offices whose terms are established by law, and that conclusion was affirmed by the Court of Errors and Appeals, that court saying, "the construction placed upon the act by Mr. Justice Swayze, in the Supreme Court, in so far as the office in dispute is concerned, meets with our approval."

By the provisions of "An act to reorganize the government of counties of the first class in this state," approved March 22d, 1900 (*Pamph. L., p.* 168), the boards of chosen freeholders in such counties are required to appoint, among other officers, a warden of the penitentiary (section 6) ; and by the provision of the eleventh section of that act the term of that office is fixed at two years; and no statute to which my attention has been called or with which I am familiar has so modified the provision of section 11 as to change the term of this office from a fixed and definite one to an indefinite one. It follows, therefore, that as the office of warden of the county penitentiary in a county of the first class is one the term of which is fixed and established by law the incumbent thereof is not affected by the provisions of the Civil Service law and cannot, by any action of the civil service commission, be retained in his office after the expiration of his fixed term.

I conclude, therefore, that the resolution of the civil service commission brought up for review by this writ should be set aside.