ARTHUR H. ABRAMS, RELATOR, v. JOHN J. SMITH, DEFENDANT.

Argued November 9, 1922—Decided February 20, 1923.

1. There is nothing in the mistake in the date of the act referred to in chapter 141 of the laws of 1922 (*Pamph. L., p.* 248) to make the title to the act misleading.

2. By the provision of chapter 141 of the laws of 1922 (*Pamph. L., p.* 248) the power of appointment of a borough clerk is in the mayor, with the advice and consent of the council. But he is required to make such nomination within thirty days after the office becomes vacant, and upon his failure to do so within the required time, the borough council is authorized to appoint such officer. At the expiration of the term of the incumbent on December 31st, 1921, the mayor announced that he would make no appointment but would allow all present appointees to hold over. *Held,* that such action was not a legal appointment under the statute, and that an appointee of the borough council after the expiration of the thirty days was entitled to a judgment of ouster against the incumbent.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the relator, *McDermott, Enright & Carpenter.*

For the defendant, *Morrison, Lloyd & Morrison.*

The opinion of the court was delivered by

SWAYZE, J. The relator seeks to oust the defendant from the office of borough clerk of Cliffside Park, claiming that

the term of office of the defendant had expired by virtue of chapter 141 of the laws of 1922. *Pamph. L., p.* 248.

The defendant insists that that law is defective because by its title it purports to be an act to amend an act entitled "An act to amend an act entitled 'A general act relating to boroughs' (Revision of 1897), approved April twenty-fourth, one thousand eight hundred and ninety-seven, which act was approved April second, one thousand nine hundred and eight." The argument is that the act of 1908 was impliedly repealed by the act of 1913. Chapter 191 of the laws of 1913 is entitled "An act to further amend an act entitled 'A general act relating to boroughs' (Revision of 1897), approved April twenty-fourth, one thousand eight hundred and ninety-seven, which amendment was approved April second, one thousand nine hundred and eight."

If we assume that the provisions of the act of 1913 are so in conflict with the provisions of the act of 1908 that the latter must be treated as repealed, that does not settle the question in favor of the defendant. Chapter 141 of the laws of 1922 sets forth at length the provisions relied upon by the present relator, and there is nothing in the mistake in the date of the act referred to in the statute which makes the title in any way misleading. Obviously, the intent of the legislature was that the act of 1922 should be and become a part of the statute law of the state. The cases cited in the relator's brief are sufficient to vindicate the validity of the legislation. *Commonwealth* v. *Kenneson,* 9 *N. E. Rep.* 761; *City of Beatrice* v. *Masslich,* 108 *Fed. Rep.* 743. As the Supreme Court of Massachusetts said in the case first cited "the sections in such statute are complete in themselves and being substitutes for each other stand like independent enactments." We think therefore that this case is governed by the provisions of chapter 141 of the laws of 1922.

This act provides for an appointment of a borough clerk. The power of appointment is in the mayor, with the advice and consent of the council, and he is required with that advice and consent to appoint all officers in the act directed to be appointed. But he is required to make such nomination with-

in thirty days after the office becomes vacant. If he fails to appoint within thirty days after the expiration of that time the council of the borough shall appoint all officers in the act directed to be appointed.

Smith, the defendant, was appointed borough clerk for the year ending December 31st, 1921. In January, 1922, the mayor announced that he would make no appointment of a successor and he made no appointment. In that situation the council in the following July passed a resolution reciting that more than thirty days had elapsed since the expiration of the 'term for which Smith was appointed; that the mayor had failed to nominate a borough clerk within thirty days from the expiration of Smith's term of office and that the council was accordingly empowered to appoint a borough clerk. They appointed the relator for the balance of the year ending December 31st, 1922.

Clearly there was a vacancy in the office after December 31st, 1921, unless in some way Smith's term was extended. It could not be extended by the mere announcement of the mayor that he would make no appointment for 1922 but would allow all present appointees to hold over; to vest an appointee with title to the office the advice and consent of the council was necessary and this was not had. Nor could the term of Smith be treated as extended by the terms of the statute entitling him to hold office for one year and until his successor should have qualified. His successor did qualify after the appointment by the council in July, unless the situation was such that there was not a vacancy within the meaning of the statute. It is said that this must have been the meaning because automatically incumbent's term was continued, but we are clear that what the statute means by vacancy is the case where there is no documentary title to the office. Otherwise the provision would be of no avail since there would always be someone in possession of the office as a hold over, unless in the case of death.

We think therefore there should be judgment of ouster on the demurrer.