No. 28,330.

THE CITY OF GARDEN CITY, *Appellee*, v. JOHN LEGG, *Appellant*.

(268 Pac. 827.)

Opinion filed July 7, 1928.

*R. D. Armstrong*, of Scott City, for the appellant.

*Horace J. Foster*, city attorney, for the appellee; *Edgar Foster*, of Garden City, of counsel.

The opinion of the court was delivered by

HARVEY, J.: The only legal question presented by this appeal is whether a city of the second class has authority to enact an ordinance making drunkenness at any place within the city an offense and providing punishment therefor. We have a state statute (R. S. 21-2128) which reads:

"If any person shall be drunk in any highway, street, or in any public place or building, or if any person shall be drunk in his own house, or any private building or place, disturbing his family or others, he shall be deemed guilty of a misdemeanor."

Under this statute drunkenness in a private place constitutes an offense only when accompanied by disturbance of the peace, while under the terms of the ordinance in question no disturbance is necessary. Appellant contends that the ordinance which makes it an offense for a person to be drunk in any place in the city is repugnant to the statute, exceeds the police power of the city, and is therefore void. The general rule relating to the question is stated in 43 C. J. 215 *et seq.*, as follows:

"Since a municipal corporation is a creature of the state, continuing its existence under the sovereign will and pleasure of the state, possessing such powers and such only as the state confers upon it, subject to addition or diminution of power at the state's supreme discretion, municipal regulations must not directly or indirectly contravene the general law, nor can such regulations be repugnant to the policy of the state as declared in general legislation . . . Ordinances which assume directly or indirectly to permit acts or oc-

cupations which the state prohibits, or to prohibit acts permitted by the state, are uniformly declared to be null and void. . . . The question as to whether or not a municipal ordinance or regulation is in conflict with the general law is sometimes difficult of solution, and cannot be determined by any fixed rule. Each particular case must be determined as it arises. Broadly speaking, the question whether a conflict exists depends upon whether the state has occupied the whole field of prohibitory legislation with respect to the subject. If such is the case it is held that a conflict exists. In order that there be a conflict between a state enactment and a municipal regulation both must contain either express or implied conditions which are inconsistent and irreconcilable with each other. Mere differences in detail do not render them conflicting. If either is silent where the other speaks, there can be no conflict between them. Where no conflict exists, both laws stand. . . . As a general rule, additional regulation to that of the state law does not constitute a conflict therewith."

Applying the principles above stated to the question before us, it will be seen that no conflict exists. The state statute simply went so far, by making it an offense for one to be drunk in a public place, or in a private place if he disturbed the peace. It is not a grant of permission to one to be drunk in a private place. It simply does not deal with that question, unless there is a disturbance of the peace. The city ordinance goes further than the state law by making drunkenness at any place in the city an offense. In other words, it covers a field in addition to that covered by the state law, and hence cannot be said to be repugnant to it. That it is not necessary for a city ordinance on drunkenness to conform to the state law was held in *Minneola v. Naylor*, 84 Kan. 147, 113 Pac. 309. The mere fact that the state, in the exercise of the police power, has made certain regulations, does not prohibit a municipality from exacting additional requirements. (19 R. C. L. 803.) In *Kansas City v. Henre*, 96 Kan. 794, 797, 153 Pac. 548, it was held:

"An ordinance enacted in the exercise of the police power is not necessarily inconsistent with a state law on the same subject because the city provides for greater restrictions or makes higher standards than are provided or made by statute."

There a state law had declared certain standard tests for milk to be sold for food. The city ordinance provided a higher standard for milk to be sold within the city. The ordinance was upheld. The earlier cases from this court relating to the subject are there cited and construed.

Our statute conferring power upon cities of the second class is as follows:

"The governing body of each city governed by this act shall have the care, management and control of the city and its finances, and shall have power to enact, ordain, alter, modify or repeal any and all ordinances not repugnant to the constitution and laws of this state, and such as it shall deem expedient for the good government of the city, the preservation of the peace and good order, the suppression of vice and immorality, the benefit of trade and commerce, and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be necessary to carry such power into effect." (R. S. 14-401.)

A fair interpretation of this statute necessarily confers upon the city authority to make it an offense for one to be drunk at any place in the city. Under R. S. 21-2155 certain persons are, under the conditions there stated, given a right of action against the city for damages caused by drunkenness. This is referred to in *Kansas City v. Jordan,* 99 Kan.. 814, 819, 163 Pac. 188, as justifying the city in taking every proper means to prevent such liability.

We conclude the city was not without power and authority to enact the ordinance in question.

The judgment of the court below is affirmed.