E. OSCAR DE CAMP, RELATOR, v. E. MORTIMER HARRISON, DEFENDANT.

Argued January 21, 1931—Decided September 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the relator, *Riker & Riker* (*Theodore McC. Marsh,* of counsel).

For the defendant, *Spaulding Frazer.*

The opinion of the court was delivered by

TRENCHARD, J.   The question here presented arises on a demurrer to an information in the nature of a *quo warranto*. That question is whether under chapter 15 of laws of 1905 (*Pamph. L., p.* 33) the term of office of the deputy register of deeds and mortgages of the county of Essex is fixed by law and limited to that of the register appointing him, or whether it is an office of so indefinite a term as to be protected by (1) the Civil Service act (3 *Comp. Stat., p.* 3795), or (2) by the Tenure of Office act for Exempt Firemen, chapter 212, laws of 1911, or (3) by chapter 196 of the laws of 1928, relating to first assistants or deputies appointed by county clerks, registers and surrogates.

We believe it to be conceded that except as the provisions of one or more of these three acts alter the status of the

deputy register as originally created under the act of 1905, the appointment of the defendant, Harrison, by the present register of Essex county, is valid.

The pleadings disclose that the relator, De Camp, held the position by appointment of the previous register. When George Stickel took office as register of Essex county in November, 1930, he immediately appointed the defendant, Harrison, as deputy register, and the latter has since filled the office.

We think that by chapter 15 of the laws of 1905 the term of office of the deputy register is fixed by law and is limited by the term of the register appointing him.

The relevant words of section 1 of the act are as follows: "Any register of deeds and mortgages * * * may, in his discretion, from time to time, select and appoint some competent person as deputy register * * *, *which deputy shall hold his office during the pleasure of the register * * * for the time being.*"

Indefinite, then, though the term of the deputy register may be within the term of his superior, it is definitely limited as to its maximum extent by the term of the register "for the time being." These words are comparable in meaning to those used in the act relating to deputy county clerks (*Comp. Stat., p.* 1523, ¶ 29), wherein it is provided that the deputy clerk shall hold office during the pleasure of the clerk, "but no longer than the term for which said clerk shall be elected." In both instances while minimum terms of service are not provided, a maximum beyond which the term cannot extend is definitely fixed. This constitutes a term fixed by law. *Burgan* v. *Civil Service Commission,* 84 *N. J. L.* 219. The cases relied upon by the relator, namely *Townsend* v. *Boughner,* 55 *Id.* 380, and *Wilson* v. *District Court,* 93 *Id.* 103, are clearly distinguishable. There the office was terminable only at the will of the appointing power; here the term is in effect definitely limited as to its maximum extent by the term of the register *for the time being,* who made the appointment.

That the term of the deputy is limited to that of the

register appointing him is shown, we think, by the language of the act of 1905 quoted. That such was the legislative purpose we believe is rendered quite clear when we look at other provisions of the act.

In all the relations of the register with the public, the deputy has full power, under the statute, to act for him and in his name, and the acts of the deputy become the acts of the register. Naturally the statute empowers the register who appoints a deputy to require him to give a bond to such register in such sum and with such sureties as the register requests. But there is no provision in the statute enabling a succeeding register to require a bond of a deputy appointed by his predecessor. It is quite apparent, therefore, that the legislature intended that the term of a deputy register should be strictly limited as to its maximum extent by the term of the register for the time being who makes the appointment.

Neither the Civil Service law nor the Firemen's Tenure of Office act changes the status of the deputy register.

These two acts (*Comp. Stat.*, p. 3795, and *Pamph. L.* 1911, *ch.* 212, *p.* 444), while somewhat different in language, are designed, as far as the officers and employes falling within their respective domains are concerned, to accomplish the same purpose, to wit, to prevent the removal of efficient public servants for reasons political or religious in character. Except in those cases where the office or position is for a definite term or by its very nature is limited to the term of the appointing authority, such public servants are removable only for reasons of economy or for action on their part inconsistent with the proper performance of their duty, in which case they are entitled to a hearing. In all cases of definite term or of term expiring with the appointing authority and deemed under our decisions to be definite, the Civil Service law has no application. Thus in *Burgan* v. *Civil Service Commission, supra,* in the language of Mr. Justice Kalisch: "The vital question, therefore, for decision is whether or not his term of employment is fixed by law. If it is fixed, then he does not come within the protection of said act." See, also, *Young* v. *Stafford,* 86 *N. J. L.* 422; *Browne* v. *Hagen,* 91 *Id.* 544.

We think, too, that chapter 196 of the laws of 1928 is not applicable to the case at bar.

The argument is that thereby the term of office of deputies was automatically continued, and that, if prior to the adoption of this act the office had been for a definite term, thereafter it ceased so to be. Not so. The relevant language of the act of 1928 is as follows:

"All  *  *  *  deputies authorized by law to be appointed by  *  *  *  registers of deeds and mortgages  *  *  * shall continue in office after the expiration of the term of office, death or resignation of any such register of deeds and mortgages  *  *  *  and in case any vacancy should occur in any of said county offices  *  *  *  such  *  *  *  deputies shall officiate and have the same powers and perform all the duties which are now or shall hereafter be imposed or conferred by law upon the different  *  *  *  registers of deeds and mortgages  *  *  *  until such vacancy shall be filled either by appointment or election as is now provided by law;" &c.

The situation, then, is analogous to that created by numerous acts which, after providing a definite term of office, further provide that the incumbent shall continue to exercise the functions of his office until his successor shall have been duly elected or appointed and shall have qualified. That no greater powers and no extension of term in law was given by such provision is clearly held in Browne v. Hagen above cited. In that case it was said: "Such a provision was not designed to extend the tenure of office of the incumbent beyond the specified time for his benefit. Its purpose was to conserve the public interests that there might be no vacancy in office through the delay of the successor to qualify."

Our conclusion is that the defendant is entitled to judgment.