## W. MARTIN VAN WAGNER, PROSECUTOR, v. FRANCIS V. LOWDEN ET AL., DEFENDANTS.

Decided February 17, 1932.

For the prosecutor, *Stein, Stein & Stein.*

For the respondents, *Guy W. Gordon.*

CASE, J. W. Martin Van Wagner seeks a writ of *certiorari* whereby he may test the legality of two certain resolutions passed by the council of the borough of Roselle on January 1st, 1932, the effect of which was definitely to terminate the connection of Van Wagner, theretofore borough engineer, with the said office of the said borough engineer, to declare the office vacant and to appoint another, not as borough engineer, but to perform certain services of an engineering character. Van Wagner was originally appointed borough engineer in January, 1923, and held that office from that time until January 1st, 1932, by recurring reappointments. On January 1st, 1930, prosecutor was reappointed by the mayor of the borough and the appointment was confirmed by the borough council. On January 1st, 1931, and thereafter, the mayor of the borough failed to make an appointment to that office, whereupon, on May 7th, 1931, the common council, exercising its statutory authority (the mayor having failed to make an appointment for thirty days after January 1st, 1931), appointed prosecutor to the office of borough engineer for the remainder of the year 1931, the specific wording of the appointment being "that W. M. Van Wagner be appointed borough engineer for that part of the year 1931 which remains." On January 1st, 1932, the mayor and council of the borough passed the questioned resolutions, the first of which recited that whereas the office of the borough engineer had expired at the end of the year 1931 and it was the judgment of council that the services of a borough engineer were not necessary to the affairs of the borough, and that economy and good government required that such office should remain vacant until the necessity to obtain the services of such an officer should arise, and resolved that Mr. Van Wagner, whose term expired at the end of 1931, should not hold or continue to occupy the position of borough engineer for any term whatever and declared the office of borough engineer vacant; and the second of which appointed one John L. Miller to advise the council on pending engineering matters at a compensation much less than that which had theretofore been paid Van Wagner.

The statutory authority for the appointment of a borough engineer is contained in the Borough act (*Pamph. L.* 1897, p. 285, as amended by *Pamph. L.* 1908, p. 104, and *Pamph. L.* 1922, *ch.* 141, p. 248), and reads as follows:

"In addition to the officers to be elected * * * there may be appointed * * * a borough attorney * * * and so many other officers as may be deemed necessary by the said council, who shall perform such duties as are or may be provided for by law or ordinance of said council not in conflict with law. * * * All said officers shall hold office during the pleasure of the council; provided, that no officer shall be removed without giving him an opportunity to be heard; unless sooner removed, however, they shall hold office for one year and until their successors shall have qualified. Whenever a vacancy in any such office occurs, such vacancy shall be filled by appointment for the unexpired term only."

It seems clear that the appointment by the council on May 7th, 1931, was and could have been only until the first day of the following January. *Florey* v. *Lanning,* 90 *N. J. L.* 12.

The only pertinent ordinances that have been brought to my notice as pertinent to the situation and in effect on January 1st, 1931, are designated Ordinances Nos. 717 and 718, respectively. No. 717 provided for the appointment of the borough engineer and determined his functions. The second, a supplement to the first, fixed compensation. Repealers of these ordinances were introduced on January 1st, 1932, and were actually passed and approved on January 28th, 1932. Inasmuch as Ordinances Nos. 717 and 718 covered the entire subject-matter of the borough engineer's office and contained within themselves repealers of inconsistent ordinances, I am obliged to conclude that, with the repeal of ordinances 717 and 718, all ordinances of the borough relating to the subject-matter have been repealed. Nothing to the contrary of this proposition has been submitted to me.

It is argued on behalf of Van Wagner that the statute provides that borough engineers and like officers "shall hold

office for one year and until their successors shall have quali-fied" and that, therefore, Van Wagner's term of office con-tinues until he either is removed or until his successor shall have qualified, and that, inasmuch as he has not been re-moved and no successor has qualified, he is still in office; and that the passage of the two resolutions on January 1st, 1932, threatened to disturb the prosecutor in the enjoyment of his office and, therefore, should be reviewed by *certiorari*.

I do not take that view. The borough council at its first opportunity after its reorganization on January 1st, 1932, and contemporaneous with the passage of the two resolutions in question, introduced repealers of the borough engineer ordinances and, after due advertisement, passed the same. As the situation now is there are no ordinances in existence providing for the appointment or compensation of a borough engineer, and there is the very clearly worded resolution of the mayor and council that the office of borough engineer is vacant. It cannot very well be argued that because the mayor and council, in the discretion imposed by the statute, determined to appoint a borough engineer that they must forever go on appointing a borough engineer or, failing ap-pointment, retain in office the individual last appointed to that position. It is true that the repealers had not been made effective at the time the resolutions were passed, but both the repealers and the resolutions were made operative at the earliest date possible after the organization of the coun-cil. Independently of the disputed resolutions, the office of borough engineer was vacant, from and after January 1st, 1932, in the sense that there was no documentary title to the office. *Abrams* v. *Smith,* 98 *N. J. L.* 319; 119 *Atl. Rep.* 792. We now have the proposition that the prosecutor's appointive term is ended, the mayor and common council, with whom lay the statutory discretion to appoint such an official, have determined that the office should be and is vacant, and the authorizing ordinances have been repealed. The prosecutor was not entitled to notice of any of these proceedings. His documentary title to the office ended January 1st. The ordinance that created the office having been repealed, there does not now appear to be any office.

It was the agreement of counsel that, if the writ were allowed, it would be moved before me as a single justice. I can see no point in allowing a writ inasmuch as the prosecutor has not, in my opinion, the color of office. The writ is denied.