No. 30,870.

Ernest B. Jones, *Appellant*, v. The City of Coffeyville, George W. Eckhardt, as Mayor, etc., et al., *Appellees.*

(18 P. 2d 174.)

Opinion filed January 28, 1933.

*Charles Bucher* and *Barney Bucher,* both of Coffeyville, for the appellant.
*Walter S. Keith,* city attorney, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an appeal from an order of the court sustaining a demurrer to plaintiff's petition. The action is one to enjoin the city and its officials from enforcing the provisions of the city ordinance on the ground that it is void for being in conflict with the statutes of the state. The petition alleges in substance that plaintiff is and for several years has been the owner of and operating a grocery store and meat market in Coffeyville; that he has a large retail trade, and for some time past has been keeping his grocery and meat market open on Sunday for the sale of provisions and other articles of immediate necessity; that this is generally known in Coffeyville and vicinity, and plaintiff has acquired a profitable trade and an established class of customers for such business; that in 1906 the city passed a certain ordinance, by the provisions of which it is made a public offense to keep open a grocery store for the sale of provisions or articles of immediate necessity on Sunday. It is alleged that by the constitution and laws of the state any business house has the right to open, sell and expose for sale on Sunday any provisions or articles of immediate necessity, and that the ordinance in question is void for the reason that it is unconstitutional and repugnant to and in conflict with

the laws of the state, and is unreasonable in its provisions. It is further alleged that defendants have caused the arrest of plaintiff for the violation of the ordinance and threaten to arrest him if there are future violations of it; that such threats will be carried out unless defendants are restrained by the court; that by reason of the acts of defendants plaintiff has been damaged in the sum of $1,000. The prayer is that the ordinance be declared unconstitutional and void, that defendants be restrained from enforcing it against plaintiff, and that plaintiff recover his damages in the sum of $1,000 and costs and a reasonable attorney's fee, and have such other relief as to the court may appear equitable and just. A copy of the ordinance is attached to the petition. The demurrer is on the ground that plaintiff has an adequate remedy in the usual course of law and that the facts alleged are insufficient·to state a cause of action.

Our state statute (R. S. 21-955) makes it an offense to "keep open any grocery" on Sunday. The ordinance complained of does the same thing, hence they accord in that respect. Under our statute (R. S. 21-956) this shall not be construed to prevent "the sale of any provisions, or other articles of immediate necessity." The city ordinance does not make a similar provision concerning grocery stores, although it does as to some things. This is the reason plaintiff contends the ordinance is void as·to him.

In exercising the police power a city is not required to have its ordinance conform in all respects to the state law upon the same subject (*Kansas City v. Henre*, 96 Kan. 794, 153 Pac. 548; *Garden City v. Legg*, 126 Kan. 569, 268 Pac. 827), unless there is a statute or other controlling authority which so limits the power of the city.

The general rule is that a court of equity will not enjoin prosecutions under the penal statutes of the state or similar ordinances of a city. (32 C. J. 279.) Naturally there must be and are exceptions to that general rule (32 C. J. 282; *La Harpe v. Gas Co.*, 69 Kan. 97, 76 Pac. 448; *Brown v. City of Abilene*, 93 Kan. 737, 145 Pac. 561), and plaintiff has attempted to plead facts to bring himself within some of these exceptions. The difficulty is that the petition does not plead facts showing the ordinance is void as to plaintiff, even if we concede for the moment that the ordinance is void for not conforming to the state law so as to make it not apply to the sale of provisions. It is true the petition alleges that plaintiff sold provisions and other articles of immediate necessity, but it does not allege that his store

was not open for sale or that he did not sell all other articles of merchandise therein which could not be classed as provisions or articles of immediate necessity. We are told in the briefs in effect that plaintiff conceived the idea that because other grocery stores were closed on Sunday he could build up a big trade on that day of the week by making special prices and extensive advertising of sales at his store on Sunday. Naturally, we cannot adopt these statements as established facts, for they are no part of the record. They do suggest a situation, however, which, if it did not exist, plaintiff should have negatived in his petition. In other words, this ordinance may not be void as to plaintiff, and if it is not he cannot complain. This brings us to the question of whether plaintiff has an adequate remedy at law. The petition alleges he has been arrested for the violation of this ordinance. That action is now pending in the district court, presided over by the same judge who ruled on the demurrer in this case. A trial of that action would have brought out the fact whether plaintiff sold only provisions or other articles of immediate necessity. If such a showing were made plaintiff could have raised and had determined the legal point which he seeks to raise in this action. Naturally, if that showing could not have been made, the ordinance in the respect complained of would not have been void as to him. Nothing indicates that trial could not have been had in the criminal case as soon as issues could have been joined, testimony taken, and a trial had in this case. A speedy and adequate remedy in the due course of the law was therefore open to plaintiff.

We find it unnecessary to pass on the validity of the ordinance. The judgment of the court below is affirmed.

THIELE, J., not participating.