HENRY L. JANOWSKI, PROSECUTOR, v. CITY OF GARFIELD AND JOHN FRANK, JR., RESPONDENTS.

Argued May 7, 1946—Decided July 10, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Major & Carlsen* (*James A. Major*).

For the respondents, *Chandless, Weller & Kramer* (*Ralph W. Chandless*).

The opinion of the court was delivered by

BODINE, J.   On January 17th, 1945, the prosecutor of this writ was appointed city counsel of the City of Garfield.   He duly filed his oath of office and qualified.   The office of city attorney is one for two years and was created by *R. S.* 40:107–1 (37) (acts saved from repeal).

On February 20th, 1946, the then mayor appointed John Frank, Jr., to the office of city counsel to succeed Mr. Janowski.   This appointment was confirmed.   *R. S.* 40:107–1 (21) (acts saved from repeal) provides that every officer shall hold his office during his official term and until his successor shall have been duly elected or appointed and shall have duly qualified.

Mr. Janowski was first appointed January 2d, 1939, and was then appointed January 1st, 1942.   If for the unexpired term his services would end on December 31st, 1943, and if he had been appointed in January of 1944 this term would have expired in January of 1946; assuming that the term could not be changed by reason of the holding over of the office until the appointment was made.

The prosecutor of this writ relies upon *Schneider* v. *Atkinson*, 86 *N. J. L.* 392.   The statute in that case provided that the successors, when chosen, shall hold office for a like term of years.   The statutes before us for construction do not so provide.

Mr. Janowski was first appointed January 2d, 1939, for a term of two years.   From January 2d, 1939, to January 17th, 1945, was a period over six years.   But since he was reappointed in 1942, he should have been reappointed in 1944 and that term would have expired in 1946 when Mr. Frank was appointed.

It seems to us that the meaning of the statutes, *R. S.* 40:107–1 (10, 37 and 21) (acts saved from repeal), indicate that a city counsel should be chosen every two years com-

mencing on January 1st, 1918, the first organization meeting after the first election after the scheme was adopted. Therefore, the official term of the city counsel became vacant on January 1st, 1946. From that time the mayor and city council could choose a city attorney or counsel for a term of two years which they seem to have done. See *Cafiero* v. *Peterson,* 103 *N. J. L.* 220, and *Abrams* v. *Smith,* 98 *Id.* 319, 321. This being our view, Mr. Janowski's term was at an end when Mr. Frank was elected.

It is unnecessary for us to determine whether the prosecutor has sought the appropriate remedy, nor need we decide whether an attorney-at-law may hold the office of city counsel in certain municipalities. *R. S.* 40:46–4 so indicates. But we are clear that the view which we have reached is controlled by *R. S.* 40:46–15 which provides: "All vacancies in office in any municipality arising from or created by any other cause than expiration of term of office shall be filled for the unexpired term only." Since Mr. Janowski is not entitled to relief, it makes no difference whether he sought it by *certiorari* or *quo warranto.*

The writ will be dismissed, with costs.