This is an appeal of the Township of Woodbridge from a determination of the Civil Service Commission concerning the status of the respondent Township Real Estate Director, William J. Allgaier.
The municipality, on December 20, 1937, adopted an ordinance creating a Real Estate Department to be headed by a director, as authorized by R.S. 40:48-1, empowering municipalities to "make, amend, repeal and enforce ordinances to * * * manage, regulate and control the finances and property, real and personal, of the municipality;" and "Prescribe and define, except as otherwise provided by law, the duties and terms of office or employment, of all officers and employees; * * *." Pursuant to the ordinance, Allgaier was appointed Real Estate Director for a period of five years and, on January 1, 1943, was reappointed for a further term of five years expiring December 31, 1947. On November 4, 1947, the municipality adopted the Civil Service Act. Allgaier was notified that his services as director would be terminated at the end of his term and he was not reappointed. He thereupon appealed to the Civil Service Commission, which, after a hearing, disapproved the action of the township and ordered Allgaier reinstated. *Page 113 
Appellant advances several grounds for a reversal of the Commission's order. For the purposes of our determination it is essential only to discuss and decide one ground, viz.: that the ordinance under which Allgaier was appointed was a valid exercise of municipal action and it effectively fixed Allgaier's term of office. It clearly appears that under R.S. 40:48-1 the municipality was authorized to make the appointment in question and fix the appointee's term of office. The Commission contends that Allgaier's appointment is within the classified service as prescribed in R.S. 11:22-2 and that there is no other statute authorizing the governing body of the municipality to appoint a real estate director beyond the general provisions contained inR.S. 40:48-1, and that the Civil Service Act having been adopted during Allgaier's term of office, brought him within the protective provisions of the classified service. The Commission concedes that an appointment with a fixed term made by virtue of statutory authority is not affected by the Civil Service Act, citing a number of cases to support that argument. The Commission seems to lose sight of or ignore the fact that the appointment in question and the term affixed thereto were properly made under authority of R.S. 40:48-1. The decided cases in New Jersey uniformly hold that the Civil Service Act, R.S. 11:21-6 etseq., was not intended and did not protect any municipal appointee, who had been appointed for a fixed term in the event that the Civil Service Act were adopted by the municipality during his fixed term of office. Such is the situation here and consequently Allgaier's appointment did not give him the benefit of the Civil Service Act. Allgaier was aware of the fact that, when he was originally appointed, it was for a definite fixed term; that, when his first term ended, he was reappointed for a further fixed term of five years. Consequently, he knew that unless reappointed for a further term, his right to continue in the position would terminate. Under the circumstances, Allgaier could not claim any other status than "the holder of an office for a fixed term and may not claim the protection of any statute to extend his term beyond the period for which he accepted it."Smith v. Matawan, *Page 114 126 N.J.L. 585 (Sup. Ct. 1941), at p. 586; affirmed,129 N.J.L. 100 (E. A. 1942). Cf. Browne v. Hagen, 91 N.J.L. 544
(E. A. 1918); De Camp v. Harrison, 108 N.J.L. 51
(Sup. Ct. 1931). Appellant concurs in the position taken by respondent that the Civil Service Act applies only in the event that the appointment for a fixed term is supported by statutory authority and argues that R.S. 40:48-1 delegated such authority to the municipality. We are in accord with that view. The Commission also relies upon the cases of Davaillon v. City ofElizabeth, 121 N.J.L. 380 (Sup. Ct. 1938), and Camden v.Civil Service Commission, 129 N.J.L. 354 (Sup. Ct. 1943). The factual situation in these cases clearly distinguish them from the case sub judice. In the Davaillon v. City ofElizabeth case the Civil Service Act was adopted by the municipality in 1913 and the appointment under review was made by authority of an ordinance adopted in 1938. In the Camden v.Civil Service Commission case, which the Commission contends is dispositive of the issue here, while the Civil Service law was adopted subsequent to the passage of the ordinance in question, the challenged appointment was not made until long after the adoption of the Civil Service Act, and the court held that the appointee's "duties are not assigned by any public law of the state and we find, under the proofs before us, that defendant occupies a position and is not the holder of an office" and was subject, therefore, to the Civil Service provisions. The Court of Errors and Appeals affirmed on the opinion of Mr. Justice Colie in the Supreme Court. See Camden v. Civil Service Commission,130 N.J.L. 532 (1943). The applicable rule of law is stated by Chief Justice Gummere in the case of Fagen v. Morris,83 N.J.L. 3 (Sup. Ct. 1912), who, speaking for the court, said:
"* * * In the case of McKenzie v. Elliott, 48 Vroom 43, this court held that the incumbents of offices, the terms of which were fixed by statute, were not intended by the legislature, in passing the Civil Service law, to be placed in the `classified service' at the option of the civil service commission — and so be given a tenure of office different from that which the statute fixing the term prescribed — *Page 115 
and were not affected by its provisions. Later, the Court of Errors and Appeals, in the case of Attorney-General v.McGuinness, 49 Id. 346, commenting upon this construction placed by us on the Civil Service law, declared that it met with its approval. It must be considered as settled, therefore, until the Court of Errors and Appeals declares otherwise, that the right of the governing body of a municipality to appoint to an office when the term of the incumbent, as fixed by law, has expired, is not at all affected by the provisions of the Civil Service law."
The disposition of the appeal on the ground hereinbefore stated makes it unnecessary to discuss and decide the other grounds of appeal.
The order of the Civil Service Commission is reversed.