30 N.J. Super. 218 (1954)
104 A.2d 67
JAMES J. MENSONE, PLAINTIFF-APPELLANT,
v.
NEW JERSEY DEPARTMENT OF CIVIL SERVICE AND THE CITY OF VINELAND, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1953.
Decided March 22, 1954.
*219 Before Judges CLAPP, GOLDMANN and EWART.
Mr. George H. Stanger argued the cause for plaintiff-appellant (Mr. Joseph Adamo, attorney).
Mr. Lawrence N. Park argued the cause for defendant-respondent, The City of Vineland (Mr. D. Joseph Novaria, attorney; Mr. Philip L. Lipman, of counsel).
The opinion of the court was delivered by EWART, J.A.D.
In the year 1930 plaintiff was first employed as borough engineer by the Borough of Vineland *220 and continued in such employment and office from February 7, 1930 until August 27, 1952, excepting only that he was absent serving in the armed forces of the United States from April 1942 until April of 1945, and excepting a short period when he was given leave of absence because of ill health following his release from the Army. On August 27, 1952 he was ousted as engineer without a hearing and without charges having been preferred against him, and Albert H. Stubee was appointed engineer in his place.
On July 1, 1952 the Borough of Vineland and the adjoining Township of Landis were consolidated and became the present City of Vineland.
The Borough of Vineland, and later the City of Vineland, paid the plaintiff his compensation as borough engineer, and city engineer, without question during the years of his service up to August 27, 1952. Prior to 1948 his salary was on a yearly basis, payable weekly. Commencing June 1, 1948 his salary continued on a yearly basis but was made payable in semi-monthly installments.
In 1946 the Borough of Vineland adopted the provisions of the Civil Service Act and at that time plaintiff was placed in the classified service as borough engineer, and in 1947 the borough, by resolution, adopted the classification and salary schedule of the Civil Service classification officer.
By reason of certain correspondence between the solicitor of the city and the Chief Examiner and Secretary of the Civil Service Commission in July of 1952, the Secretary of the Civil Service Commission arrived at the conclusion that plaintiff had been improperly placed in the classified service and changed his classification to the unclassified service. Thereupon plaintiff appealed to the Civil Service Commission, which conducted a hearing on May 5, 1953 at which the Commission determined: (1) that plaintiff had been a de facto and not a de jure officer of the borough and city because his position as borough and later as city engineer had no legal premise or foundation by way of ordinance or resolution authorizing the same; (2) that plaintiff had been improperly placed in the classified service; and (3) that the *221 action of the City of Vineland in terminating plaintiff's services as city engineer and in removing his name from the payroll was proper and should be affirmed and the appeal dismissed.
From the determination of the Civil Service Commission plaintiff appeals to this court and now here asserts:
(1) That the Civil Service Commission erred in ruling that he was a de facto and not a de jure officer.
(2) That the Civil Service Commission erred in having ruled that he held an office for a fixed period of time and was therefore improperly placed in the classified service.
The defendant city contends:
(1) That under the statute, R.S. 40:87-15, the term of office of the borough engineer is fixed by law at a term of one year.
(2) That the Civil Service Act, R.S. 11:22-1 et seq., does not apply to municipal offices, the terms of which are fixed by law.
(3) That the Soldiers, Sailors, and Marines Act, R.S. 38:16-1, which affords protection to veterans in certain public positions or offices, has no application to those persons whose terms of office are fixed by law as is that of the borough or city engineer.
The office or position of borough engineer is recognized and provided for by L. 1897, c. 161, § 3, as amended L. 1908, c. 67, § 1, L. 1913, c. 191, § 1, and L. 1922, c. 141, § 1. The amended act, as it existed at the time of plaintiff's employment as engineer of the Borough of Vineland, will be found in R.S. 40:87-15. The statute provides that in addition to the officers to be elected there shall be appointed a borough clerk and:
"There may be appointed a borough attorney, a borough engineer, * * * and such other officers as the council may deem necessary. * * * all of them shall hold office during the pleasure of the council. No officer shall be removed without being afforded an opportunity to be heard. Unless sooner removed, however, they shall hold office for one year and until their successors shall have qualified."
*222 The method of appointing a borough engineer is prescribed by the statute, R.S. 40:87-16. It provides:
"The mayor shall nominate and, with the advice and consent of the council, appoint all officers in this subtitle directed to be appointed, including the filling of vacancies in all appointive offices which shall be for the unexpired term only. * * *" (Emphasis supplied.)
Thus the office or position of borough engineer is created or provided for by statute and the method of filling the office, as well as the term thereof, is likewise provided by statute.
While it is conceded that plaintiff was first employed as borough engineer in February of 1930, the record before us does not disclose that he was ever formally appointed by the mayor to the position or office of borough engineer nor that his appointment to that position or office was ever confirmed by vote of borough council, nor does it disclose that he was ever reappointed after the year 1930. Nevertheless, plaintiff continued in that office until August 27, 1952, excepting when he was away in the armed forces during the Second World War and excepting a short leave of absence for ill health, and during all that period of time performed the duties of an engineer for the borough and was paid a salary therefor with the approval of borough council.
Whether he was a de facto officer, as ruled by the Civil Service Commission, or a de jure officer, as he claims, we find it unnecessary to determine, although his status as a de jure officer may be doubted in view of the fact that the record fails to disclose any formal appointment by the mayor, or confirmation by borough council, or that the question of his reappointment ever came up after 1930, the year in which he was first employed as borough engineer. Florey v. Lanning, 90 N.J.L. 12, 14 (Sup. Ct. 1917).
The Civil Service Commission further held that plaintiff held an office having a fixed term and was therefore originally improperly placed in the classified service and from that decision plaintiff appeals.
*223 Assuming arguendo that plaintiff held office de jure, his original appointment or employment as borough engineer in February 1930 would have expired on January 1, 1931. Van Wagner v. Lowden, 10 N.J. Misc. 277, 279 (Sup. Ct. 1932). Cf. Florey v. Lanning, supra. And the statutory provision that such appointive officers shall hold office for one year and until their successors shall have qualified (R.S. 40:87-15) does not operate to make the term of the office indefinite. Without a new appointment, the plaintiff's term of office ceased January 1, 1931, in the sense that he had no documentary title thereto after that date. Browne v. Hagen, 91 N.J.L. 544 (E. & A. 1917); Van Wagner v. Lowden, supra, at page 280. And it follows that plaintiff having no documentary title to the office after January 1, 1931, but merely having continued in office as a hold-over, so to speak, he was not entitled to notice or hearing when the city commission saw fit to replace him by another appointee. Van Wagner v. Lowden, supra, at page 280.
Plaintiff further contends that he was properly placed in the classified service as borough engineer in 1947 and that it was erroneous for the Civil Service Commission to alter that classification and to place him in the unclassified service in 1953.
The Civil Service Act of 1908, L. 1908, c. 156, as amended, R.S. 11:22-1 et seq., was adopted by the borough in 1946. Section 2 of the act provides that certain elected and appointive officers shall be placed in the unclassified service whose tenure is not protected by the provisions of the act. It has been repeatedly held by our courts that persons holding appointive offices in a municipality, the term of which is fixed by law, are not protected by the provisions of the Civil Service Act. McKenzie v. Elliott, 77 N.J.L. 43 (Sup. Ct. 1908); Fagen v. Morris, 83 N.J.L. 3, 6 (Sup. Ct. 1912); Hosp v. Civil Service Commission, 83 N.J.L. 10 (Sup. Ct. 1912); Browne v. Hagen, 91 N.J.L. 544 (E. & A. 1917); De Camp v. Harrison, 108 N.J.L. 51 (Sup. Ct. 1931); Township of Woodbridge v. Civil Service Commission, 4 N.J. Super. 111 (App. Div. 1949).
*224 Plaintiff further claims that he has tenure of office by virtue of the Veterans Act, R.S. 38:16-1. However, that act specifically provides that it only covers those veterans "whose term of office is not now fixed by law * * *."
In view of the statutory and decisional law cited above, we have reached these conclusions, viz.: (1) that the term of office of a borough engineer is fixed by law; (2) that the term of office of a borough engineer being fixed by law, the incumbent thereof is neither protected by the provisions of the Civil Service Act, R.S. 11:22-1, nor entitled to tenure under the provisions of the Veterans Act, R.S. 38:16-1; (3) that plaintiff was erroneously placed in the classified service in 1947 when he should have been placed in the unclassified service; and (4) that the action of the Civil Service Commission in reclassifying the plaintiff in May of 1953 and in placing him in the unclassified service was lawful and proper.
For the reasons stated, the judgment appealed from is affirmed and the appeal dismissed.