No. 39,582

GEORGE W. HOUSE, et al., *Appellants*, v. CITY OF TOPEKA, et al., *Appellees*.

(286 P. 2d 180)

Opinion filed July 6, 1955.

*Charles Rooney*, of Topeka, argued the cause, and *Charles Rooney, Jr.*, of Topeka, was with him on the briefs for the appellants.

*James H. Hope*, Assistant City Attorney, and *Mark L. Bennett*, of Topeka, argued the cause, and *Fred Carman*, City Attorney, *Malcolm G. Copeland*, Assistant City Attorney, *John E. DuMars*, and *Clayton M. Davis*, all of Topeka, were with them on the briefs for appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to test the validity of an ordinance of the City of Topeka. The trial court held it to be valid. Plaintiffs have appealed.

The pertinent part of the ordinance in question reads:

"An ordinance prohibiting the sale of any groceries, meats or vegetables on Sunday; providing penalties therefor; and repealing Section 5-1506 of the Revised Ordinances of the City of Topeka, Kansas, 1947. Be it ordained by the Board of Commissioners of the City of Topeka:

"SECTION 1—Every person who shall sell or expose to sale, any groceries, meats or vegetables on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor and on conviction thereof, shall be fined in any sum not exceeding $50.00 on each offense."

The pertinent portions of our statutes, G. S. 1949, 21-955 and 21-956, read:

"Every person who shall sell or expose to sale any goods, wares or merchandise, or shall keep open any grocery, on the first day of the week, commonly called Sunday, shall on conviction be adjudged guilty of a misdemeanor, and fined not exceeding fifty dollars." (21-955.)

"The last section shall not be construed to prevent the sale of any drugs or medicines, provisions, or other articles of immediate necessity." (21-956.)

Appellants contend that the city ordinance conflicts with the state

statute; in that while, under the state law, provisions such as groceries, meats and vegetables, are articles which may be sold on Sunday without penalty, they are the only ones which the ordinance makes it an offense to sell on Sunday. We think the point is well taken.

A city ordinance which denies the rights granted by the state statute and grants rights denied by the statute, tends to nullify a state law, and is void. *Trimble v. City of Topeka,* 147 Kan. 111, 75 P. 2d 241. See, also, *Assaria v. Wells,* 68 Kan. 787, 75 Pac. 1026, and *In re Van Tuyl,* 71 Kan. 659, 81 Pac. 181.

Counsel for appellees cite *Jones v. City of Coffeyville,* 136 Kan. 796, 18 P. 2d 174, and say the ordinance there involved is practically identical to the one here. But, in that case the court did not pass upon the validity of the ordinance. They also cite *Kansas City v. Henre,* 96 Kan. 794, 153 Pac. 548. In that case this court sustained an ordinance which required a slightly higher standard for milk sold in the city to that of the state law, upon the ground that it was a health measure. No health measure is involved in the ordinance here under discussion. They cite also the case of *Garden City v. Legg,* 126 Kan. 569, 268 Pac. 827. In that case this court sustained an ordinance which made it an offense for anyone to be drunk within the city. The state law provided a penalty for one being drunk in a public place. There the city had legislated upon a matter which the state had not. That cannot be said here.

Counsel for appellees cite and rely heavily upon *City of Kansas City v. Grubel,* 57 Kan. 436, 46 Pac. 714. In that case a complaint was filed in the police court against Grubel for exposing merchandise for sale after 10:00 o'clock A. M. on a certain Sunday in violation of one section of a lengthy ordinance of the city to "prohibit and suppress the 'desecration of the Sabbath day.'" The police judge sustained a motion to quash the complaint. The city appealed to the district court. There the district court sustained a motion to quash the complaint, and the city appealed to this court, under a statute since repealed but as revised is now G. S. 1949, 13-613. No one appeared for the appellee in this court and the court was compelled to rely upon the record and brief of counsel for the city. This court reversed the decision of the trial court without knowing what reason the court had in mind when it sustained the motion to quash. The case is not very good authority for anything. It is not contended

the ordinance here in question was passed to prevent the desecration of the Sabbath.

In this case counsel for both appellants and appellees extend their discussion to matters not closely related to the real question before us.

We have read all the authorities cited and considered the arguments made but come back to the question of whether an ordinance of a city making it no offense for persons to do within the city many things which state legislature has made an offense and provided a penalty, and then makes it an offense for persons to sell articles the state law specifically declines to make an offense, is valid. We deem it unnecessary to discuss those matters and point out wherein they really have no application here.

It is clear, in our opinion, that the ordinance in question is void. For that reason the judgment of the trial court should be reversed with directions to render judgment for the appellants. It is so ordered.