383 P.2d 268

STATE of New Mexico ex rel. H. G. ERVIEN,
Petitioner-Appellant,

v.

Edward MUNOZ, Robert C. Noe, Edwin S. Knight, D. E. Chalk, Floyd W. Ratliff, Chairman and Members of the Board of Trustees of the Town of Gallup, New Mexico, and Town of Gallup, New Mexico, a municipal corporation, Respondents-Appellees.

No. 7233.

Supreme Court of New Mexico.

June 24, 1963.

Botts, Botts & Mauney, Gerald R. Cole, Albuquerque, for appellant.

Albert O. Lebeck, Jr., Gallup, for appellees.

CARMODY, Justice.

This is an appeal from summary judgment granted by the District Court of McKinley County.

Appellant formerly was the town manager of the Town of Gallup, having been appointed to the position on June 1, 1958. On May 3, 1960, a new board of trustees for the town was elected, and on May 12th they named another as temporary manager for the town. Appellant remained on the job, nevertheless, until May 16, 1960, when, in accordance with the town ordinance providing the method of appointing town officers, the new board appointed a permanent city manager replacing appellant.

Ordinance No. 1–112 of the Town of Gallup provided that the town board of trus-

tces might appoint a town manager for an indefinite term, and § 9 thereof further provided that he might be removed or suspended by resolution and approval of four-fifths of the board's vote, but that "in any case [the Board shall] cause to be paid him forthwith any unpaid balance of his salary and his salary for the next two calendar months. * * *" In the trial court, appellant contended that when the new manager was appointed, he was removed from office and was, therefore, entitled to an additional two months' salary. The trial court dismissed the action by granting defendants' motion for summary judgment, finding that the town ordinance conflicted with § 14–16–5, N.M.S.A.1953, which declares that no appointment of town officers "shall endure beyond one [1] week after the qualification of the members of the succeeding board of trustees."

In his briefs and on oral argument appellant maintained there was no conflict between the statute and the ordinance; that the ordinance merely permitted an indefinite appointment not to exceed one week after the qualification of a new board. But this is no answer, since he rests his right to what he calls "terminal" pay upon the theory that he was removed from an appointment which continued, through ratification by the new board in its failure to appoint another manager within one week following the board's qualification.

The argument that this is "terminal" pay and merely an emolument of the office upon termination, cannot be sustained on the facts. The section of the ordinance under which the pay is authorized is entitled "Removal of Manager," and is in connection with the authority given the mayor "with the consent of a majority of the Board of Trustees, [to] remove the manager from office."

Thus it becomes necessary to determine whether appellant in fact held office at the time he was "terminated"; that is to say, whether failure to immediately appoint a new manager effected a ratification of his appointment for another two years. If it did, then his removal six days after the expiration of the one week would constitute removal from office.

In discussing the meaning of "removal from office" in Layne v. Hayes, 1955, 141 W.Va. 289, 90 S.E.2d 270, the court said:

"To remove a person from public office the person sought to be removed must have title to or must hold or occupy the office; otherwise there is no basis or reason for removal and removal, in such situation, is neither necessary nor possible. * * * To deprive an officer of an office he must necessarily hold the office of which he is deprived. * * * It is a contradiction of terms to assert that a person who does not hold an office can be removed from the office. * * *"

Cf. Attorney General ex rel. O'Hara .v. Montgomery, 1936, 275 Mich. 504, 267 N.W. 550.

This question has been before the courts of other jurisdictions, although there seems to be no case directly in point in this state. We would note, however, that even in those New Mexico decisions dealing with officers who have been held over in their positions, as de jure officers, until a successor is qualified, nowhere is it said that such holding-over amounts to reappointment or re-election. Klock v. Mann, 1911, 16 N.M. 744, 120 P. 313; Bowman Bank & Trust Co. v. First National Bank of Albuquerque, 1914, 18 N.M. 589, 139 P. 148.

Section 14–16–5, N.M.S.A.1953, provides that local ordinances may be passed under which subordinate town officers may be elected or appointed, but it also limits the term of any appointed officer to not more than one week after the qualification of a new board of trustees. The Town of Gallup acted under that statute, and passed an ordinance providing the method of appointing a city manager, and the method by which he could be removed from office, but included therein a provision that he would be appointed for an indefinite term. This last provision conflicts with the statute which expressly limits the terms of appointive officers. That part of the ordinance, therefore, must yield to the statutory limitation, in conformity with the common rule that when statutes and ordinances dealing with the same matter conflict, the statute prevails. Continental Oil Co. v. City of Santa Fe, 1932, 36 N.M. 343, 15 P.2d 667; State v. Gordon, 1956, 143 Conn. 698, 125 A.2d 477; House v. City of Topeka, 1955, 178 Kan. 284, 286 P.2d 180.

It is clear that appellant's term of office expired on May 10, 1960, one week after the new board of trustees qualified for office. It is equally clear that art. XX, § 2 of the New Mexico Constitution provides that an officer shall hold his office until his successor has duly qualified. It is further apparent that appellant's successor was duly appointed on May 16, 1960, in the manner prescribed by the ordinance. Appellant's contention that he was "removed" from office is tenable, therefore, only if it can be said that the board's failure to appoint on May 10th constituted a ratification of the prior appointment. To sustain this argument, appellant relies strongly on Landers v. Board of Education of Town of Hot Springs, 1941, 45 N.M. 446, 116 P.2d 690. However, we do not consider the case in point, inasmuch as it involved the ratification of a teaching contract which had been informally agreed upon between the parties. So also the other cases cited by appellant are clearly distinguishable.

In Mensone v. New Jersey Dept. of Civil Service, 1954, 30 N.J.Super. 218, 104 A.2d 67, plaintiff made a similar argument. He had continued in employment from February 1930 until August 1952, when he was

replaced. The court rejected his claim, saying:

"* * * [H]is original appointment or employment as borough engineer in February 1930 would have expired on January 1, 1931. * * * And the statutory provision that such appointive officers shall hold office for one year and until their successors shall have qualified * * * does not operate to make the term of the office indefinite. Without a new appointment, the plaintiff's term of office ceased January 1, 1931, in the sense that he had no documentary title thereto after that date. * * * And it follows that plaintiff having no documentary title to the office after January 1, 1931, but merely having continued in office as a hold-over, so to speak, he was not entitled to notice or hearing when the city commission saw fit to replace him by another appointee. * * *"

The case of Hecht v. Crook, 1945, 184 Md. 271, 40 A.2d 673, is also analogous. There, appellant was appointed to fill an unexpired term as tax judge until March 1926. He was successively reappointed each three years until March 1943, but continued to serve until a successor qualified in October 1943. Upon applying for benefits under a city ordinance providing for *removal* pay, the court said:

"We think the appellant cannot fairly be held to have been removed from a regular permanent position, merely because he failed of reappointment. The tenure of a public officer appointed for a fixed term is not permanent, although the office may be, *nor is he removed when his term of office expires*. * * *" (Emphasis added.)

The New Jersey court, in McKenzie v. Elliott, 1909, 77 N.J.L. 43, 72 A. 47, discussed "removal" under approximate circumstances:

"* * * The word 'removal' naturally applies to one whose term is indefinite. It does not naturally connote the case of an officer whose statutory term has actually expired. In such a case there is a vacancy, and no removal is necessary. * * * I fail to see how any provisions of the act prohibiting removals from office [without cause and hearing, or, as in this case, without removal pay] can operate to extend a term which has already been fixed by act of the legislature. * * *"

The New Mexico case most nearly approaching this question, although concerned with a vacancy in an elective office, is Haymaker v. State, 1917, 22 N.M. 400, 163 P. 248. This court had occasion to construe § 3956, Code 1915, the forerunner of our present § 5–3–1, N.M.S.A.1953. That section lists the circumstances which will

create a vacancy in local office (among which is included, "Expiration of the term of office when no successor has been chosen as provided by law"). That case concerned a school board officer, whose elective term had almost four years yet to run, accepting an incompatible position, but no successor having qualified to replace her on the school board. Relator alleged that by accepting the new position she had vacated her school board office. The court there recognized that our constitution prevents vacancies in public office, "in the sense that there is no incumbent to fill it, except in case of death, perhaps," but, nevertheless, that a statutory vacancy, "not a corporeal vacancy," did exist, thereby giving the right "to the appointing or electing power to appoint or elect some person in said office in the place and stead" of the incumbent. Quoting from Oliver v. Mayor of Jersey City, 63 N.J.L. 634, 44 A. 709, the court approved the language of that court, in part, as follows:

"* * * The legal meaning of the words ['shall become vacant'], in such circumstances, is that the office has no occupant who holds by a good title in law, and that the appointing power may at once be exercised to fill it, or, if it is an elective office, the people may elect, and no adjudication is required to declare the vacancy * * *."

The New Jersey courts, in cases other than those above cited, have many times been required to pass upon problems similar to that in the case at bar. See Abrams v. Smith, 1923, 98 N.J.L. 319, 119 A. 792, and Janowski v. City of Garfield, 1946, 134 N.J.L. 340, 48 A.2d 216, as analogous.

We are satisfied that appellant had no title to the office when the incoming board appointed the new manager. He was a mere "holdover" until his successor qualified; but his term of office had ceased, by operation of the statute, not later than six days earlier. Since he did not have title to the office at that time, it was impossible to "remove" him from it. Layne v. Hayes, supra. Inasmuch as the ordinance provided that the additional pay be made only upon *removal* or *suspension* from office, it follows that appellant was not entitled to receive it.

The judgment will be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.